[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION: APPEAL
This is an appeal pursuant to Section 46b-231 (n) of the Connecticut General Statutes from the decision of the Family Support Magistrate (Hon. Harris Lifshitz) on December 18, 1998 ordering the plaintiff to pay a weekly amount toward an arrearage in child support even though no arrearage was found to exist.
 I. PROCEDURAL BACKGROUND AND FACTS
This action began in 1994 when the plaintiff filed a petition seeking visitation with Daniel J. Emory, the minor child of the CT Page 12455 parties, who was born on July 13, 1994. At that time, the defendant was receiving assistance from the State of Connecticut. The plaintiff acknowledged paternity, and the state appeared. On December 14, 1994, upon stipulation by the parties including the state, the court ordered that the plaintiff pay $61.00 per week as child support and $5.00 per week on an arrearage to the state, which was found at that time to be $1,050.00. On September 18, 1998, the state moved to modify support and sought, inter alia, an order determining any arrearage due to the state. On December 18, 1998, the defendant filed her own motion for an increase in child support.
Both parties and the state appeared for the hearing. Each party submitted financial affidavits, and the state prepared and submitted at least two separate child support guidelines worksheets, each arguing for a different support amount. The state support enforcement officer testified that the plaintiff owed no arrearage to the state and in fact had a $61.00 credit for overpayment. Transcript, December 18, 1998, p. 7. The court found the defendant's weekly gross income to be $259.57 and her net income to be $178.00, and found the plaintiff's gross income to be $691.14 and his net income to be $480.00. Based upon those findings, the court set a weekly support amount of $106.00, having found grounds for a $15.00 deviation from the child support guidelines.[1] The court also ordered $4.00 payable toward an arrearage, but ordered the payment to be held in abeyance to become automatic "if he falls behind." See, Modification Order.
Pursuant to the order of this court (Hon. Thomas Bishop), the magistrate filed an articulation of his decision.
 II. DISCUSSION
The state claims that, in ordering the arrearage payment of $4.00 per week, the magistrate "inferred that he was ordering the new arrearage payment to frustrate the State of Connecticut from proceeding under CGS Sections 46b-231, and 52-362 as amended by P.A.-7 Sec. 28 (sic) if a future delinquency should arise." See, Appeal Petition, p. 1. There is nothing in the transcript of the hearing before the magistrate which would support such an inference, and if that were the basis of the appeal it would be dismissed. However, the question remains whether the magistrate was within his authority to order a weekly payment on an arrearage when no arrearage was found to exist. This court holds CT Page 12456 that he was not.
The statutes governing payment of child support make provision for the payment of arrearages, but none of those statutes authorizes the imposition of a payment plan where an arrearage does not exist. A parent may agree to pay child support and be subject to an order providing for "past due support." Connecticut General Statutes, Section 46b-172 (4)(b). In addition, a party may be ordered to pay past due support. Past due support is defined in part as a sum which has become due and payable but which remains unpaid. Connecticut General Statutes, § 46b-220 (a)(6) (for purposes of license suspension); Regulations of Connecticut Agencies, 46b-215a-1(2). A family support magistrate is authorized to make and enforce orders for payment of support against "any person who neglects or refuses" to furnish support, and has the authority . . . to determine, order and enforce payment of any support due because of neglect or refusal to furnish support prior to the action. Connecticut General Statutes, Section 46b-215 (a).[2] None of these statutes makes provision for a past due obligation of support hypothetically-occurring in the future.
Moreover, none of these statutes authorizes a magistrate to determine that a person owing child support must pay for an arrearage where no arrearage exists, even if such payment is held in abeyance. Such an arrangement would in effect impose a judicial determination that a person owing child support is expected to default in payment. The legislature has not empowered our courts to make such an assumption about a citizen without evidence nor to impose in advance an order if the assumption turns out to be true. Such an arrangement would be the equivalent of assuming that all drivers will speed, so they must have fines imposed in advance to ease collection when they are caught.
The case is remanded to the Family Support Magistrate with instruction to enter judgment eliminating any requirement that the plaintiff pay on any arrearage unless and until a determination is made in accordance with the requirements of the statutes and due process that the plaintiff has an obligation for past due support.
BY THE COURT, GRUENDEL, J.